UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN P., | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:21-cv-00318-JDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| **Acting Commissioner of** | ) |
| **Social Security,** | ) |
| | ) |
|     **Defendant** | ) |

**RECOMMENDED DECISION ON MOTION FOR 406(b) ATTORNEY FEES**

The Plaintiff's counsel moves for an award of $9,230.12 in attorney fees pursuant to 42 U.S.C. § 406(b) for work in this Court that resulted in the Commissioner's filing of a motion for a voluntary remand and, ultimately, an award to the Plaintiff of $73,906.93 in past-due Social Security Disability (SSD) benefits. *See* Motion (ECF No. 14) at 1. The Commissioner takes no position on the reasonableness of the requested fee award but asks that the Court either specify the amount of any authorized award without directing that the Commissioner "pay" it or, alternatively, direct that the authorized amount be paid from the Plaintiff's past-due benefits in accordance with agency policy. *See* Response (ECF No. 16) at 1-2.

For the reasons that follow, I find the fee request reasonable and, therefore, recommend that the Court grant the Motion and direct that a Section 406(b) fee award in the sum of $9,230.12 be paid to counsel from the Plaintiff's past-due benefits in accordance with Social Security Administration (SSA) policy, subject to the

1

requirement that counsel pay the Plaintiff the sum of $598.12 in attorney fees previously awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).[1]

## I. Legal Standard

Section 406(b) of the Social Security Act provides that when a court renders a judgment favorable to a represented claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, with "one boundary line"—that fees may not exceed 25 percent of past-due benefits—Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (cleaned up).

"The outer boundaries of a test of 'reasonableness' are difficult to plot." *Beaulieu v. Colvin*, No. 1:10-cv-454-GZS, 2016 WL 675646, at *2 (D. Me. Jan. 28, 2016) (rec. dec.), *aff'd*, 2016 WL 675646 (D. Me. Feb. 18, 2016) (cleaned up). *Id.* "However, this much is clear: Reduction in the amount that otherwise would be

---

[1] Counsel timely filed the Motion on September 21, 2023, within thirty days of the SSA's notice of award to the Plaintiff dated September 8, 2023. *See* ECF No. 14-1 at 2; Local Rule 54.2 (directing that Section 406(b) fee applications "be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof").

payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are [sufficiently] disproportionate in relation to the amount of time counsel spent on the case" to "implicate windfall concerns." *Id*.

## II. Background

The Plaintiff agreed to pay his counsel a contingent fee for representation before this Court in the amount of 25 percent of the total of any past-due benefits awarded to him. *See* ECF No. 14-4 at 2-3. Shortly after counsel filed the complaint in this matter—and before any briefing was undertaken—the Commissioner filed a motion for remand that led to a fully favorable decision awarding the Plaintiff $73,906.92 in past-due SSD benefits and $1,681 monthly going forward, adjusted annually for inflation. *See* Motion at 1, 4; ECF No. 14-1 at 1-2. Counsel logged a total of only 2.5 hours, and his paralegal expended an additional thirty minutes, in work before the Court. *See* ECF No. 14-5. Counsel's usual and customary hourly rate is $395.00. *See* Motion at 5.

## III. Discussion

Recognizing that this case implicates windfall concerns, counsel seeks a Section 406(b) fee award of $9,230.12, slightly less than half of the full 25 percent ($18,476.73) awardable pursuant to his contract with the Plaintiff. *See id*. at 1. He acknowledges that courts have taken different approaches to reducing Section 406(b)

3

contingent fee awards, among them calculating a "lodestar" sum and applying a multiplier, reducing the contingent-fee percentage, or both. *See id.* at 7-8. In support of his fee request, he cites a recent case in which the United States District Court for the District of New Hampshire accounted for windfall concerns by awarding a Section 406(b) fee equaling 12.5 percent of past-due benefits: *King v. Kijakazi*, No. 20-cv-1139-SM, 2023 WL 1782032 (D.N.H. Feb. 6, 2023). *See* Motion at 7-8. I conclude that the *King* approach yields results consistent with those this Court has reached in wrestling with this difficult issue.

In *King*, as here, the Commissioner moved to remand the case shortly after counsel filed a complaint. *See King*, 2023 WL 1782032, at *1. Counsel, who had logged a total of 4.1 hours for work before the district court, sought a Section 406(b) award of $23,000, slightly less than 25 percent of the past-due benefits of $95,734.10 awarded to the claimant. *See id.* at *1-2. The court noted that the requested amount would result in "a de facto hourly rate in excess of $5,600," which other courts in the First Circuit had "thought to be a windfall." *Id.* at *4 (citing, among other cases, *Ezekial v. Astrue*, 853 F. Supp. 2d 177, 179-80 (D. Me. 2012)). However, the court concluded that "a fee award of $12,000 (roughly 12.5 percent . . . of Mr. King's past-due benefits) strikes an appropriate balance and falls comfortably within the description of a 'reasonable' fee under the circumstances," given "the excellent results obtained" and the need to be "sufficiently generous to encourage . . . qualified attorneys to continue to represent social security claimants on a contingent-fee basis."

*Id.* at *5. By my calculations, that award conferred an effective hourly rate of $2,926.83 for 4.1 hours of attorney time.

In *Ezekial*, as well, the Commissioner moved for remand shortly after counsel filed a complaint. *Ezekial*, 853 F. Supp. 2d at 178. The claimant "ultimately recovered $49,704 in past due benefits for [herself] and her child." *Id*. Counsel, who had performed 3.1 hours of work in Court, sought the full 25 percent contingent fee of $12,426 in the form of an offset of $6,000 the Commissioner had approved for his post-remand work pursuant to 42 U.S.C. § 406(a) and approval of an additional $6,426 for his work before this Court. *See id.*

Judge Hornby calculated a "lodestar amount" of $1,225 by multiplying counsel's highest hourly rate ($395) by the number of hours logged in this Court (3.1) and then tripling that sum, for a total of $3,675. *Id*. at 179-81. He noted that counsel's net fee thus would be "$6,000 plus $3,675 for a total of $9,675, an effective contingent fee percentage of approximately 19.5% of the overall $49,704 recovery." *Id*. at 181 n.10. By my calculations, the total award of $9,675 conferred an effective hourly rate of $3,120.97 for 3.1 hours of attorney time.

This Court subsequently approved a fee award of 20 percent of a claimant's past-due benefits of $64,720, totaling $12,944, in a case in which counsel had logged 3.65 hours, and his paralegal three-quarters of an hour, for work before the Court. *See Whitely v. Colvin*, No. 1:13-cv-00469-JAW, 2015 WL 9589621 (D. Me. Dec. 8, 2015) (rec. dec.), *aff'd*, 2015 WL 9581736 (D. Me. Dec. 30, 2015). As in *Ezekial*, counsel sought his full 25 percent contingent fee ($16,180) in the form of a $6,000 credit for

his Section 406(a) award and payment of the balance of $10,180 from the claimant's past-due benefits. *See id.* at *1. In awarding a 20 percent contingent fee, the Court noted that, while Judge Hornby had awarded a contingent fee of approximately 19.5 percent in *Ezekial*, "application of the *Ezekial* tripled-lodestar approach" in *Whitely* "would yield an award" totaling $10,620, or 16.4 percent of the claimant's past-due benefits, "a sizeable reduction of the agreed-upon 25% contingent fee rate." *Id.* at *2 n.4. By my calculations, the Court's award of $12,944 conferred an effective hourly rate of $2,941.82 for 4.4 hours of attorney and paralegal time.

The court in *King*, and this Court in *Ezekial* and *Whitely*, considered the parameters of both hourly rates and contingent-fee percentages in crafting awards designed not only to address windfall concerns but also to encourage counsel to continue to bear the risk of representing claimants on a contingent-fee basis.[2] In this case, counsel seeks a contingent-fee award of 12.5 percent, totaling $9,230.12 and amounting by my calculations to an effective hourly rate of $3,076.71. Both the percentage of the claimant's past-due benefits and the effective hourly rate comport with those approved in *Ezekial* and *Whitely*.[3]

---

[2] I recognize that in addressing windfall concerns in *Beaulieu*, this Court awarded a contingent fee ($11,214) that by my calculations represented 8.5 percent of the claimant's past-due benefits ($131,278). *See Beaulieu*, 2016 WL 675646, at *1, *3. The Court credited counsel's $6,000 Section 406(a) award toward the contingent fee and then applied *Ezekial*'s lodestar-rate methodology (three times the hourly rate of $395, or $1,185, times 4.4, the number of hours worked) to arrive at the balance due of $5,214. Because *Beaulieu* did not consider the impact of a windfall adjustment on contingent-fee percentage, I do not find it instructive on that point.

[3] Counsel represents that no Section 406(a) fee was awarded and indicates that, in any event, he ceased his practice of offsetting such fees from Section 406(b) contingent-fee requests after the Supreme Court clarified in 2019 that no such offset was required. *See* Motion at 8 & n.8; *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

## IV. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED** and that the Court **DIRECT** that a Section 406(b) fee award in the sum of $9,230.12 be paid to counsel from the Plaintiff's past-due benefits in accordance with SSA policy, subject to the requirement that counsel pay the Plaintiff $598.12, the sum earlier awarded to counsel pursuant to the EAJA.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: December 20, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge